USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___4/2/2026___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------X

Tokio Marine Insurance Company (Cargo) a/s/o
Yusen Logistics (Americas), Inc.

        Plaintiff,

vs.

Vanguard Logistics Services (USA), Inc., and
Vanguard Logistics Services (Hong Kong) Limited,

        Defendants.

                            X/

Case No. 1:25-cv-1629 (AT)

**PROTECTIVE ORDER**

## PROTECTIVE ORDER

WHEREAS, during this action, the parties may obtain discovery of information which is, or which one or more of the parties considers to be, confidential information, it is HEREBY ORDERED that:

1.    **Definition of "Confidential Information."** "Confidential Information" means commercial information and trade secrets, the present disclosure of which to any person not authorized by this Order, in the good faith judgment of the designating party, would reveal competitively sensitive information that should be maintained as confidential. Confidential Information also includes, without limitation, trade secret and confidential information relating to sales, costs, pricing, profits, research, software, business plans, company financial information, confidential employment information, employment policies, customer identities, investor identities, or internal procedures that is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. The non-public personal information of the parties and/or non-parties,

as well as information that identifies the non-public personal information of the parties and/or non-parties, including but not limited to name, address, account number, telephone number, place or position of work, and other personal identifying information also constitutes Confidential Information. The omission of any type of information from this paragraph does not imply that such information cannot qualify as Confidential Information, so long as the designating party in good faith believes that it is confidential. In designating information as Confidential Information, the designating party will make such a designation only as to that material that it in good faith believes contains Confidential Information. Confidential Information also includes information contained within any document, testimony, or other discovery material designated by another party in accordance with this Order as "CONFIDENTIAL" and all copies thereof.

2.    **Designations of Confidential Information.** Any party producing any document, thing, information, testimony, or other discovery material containing Confidential Information may designate Confidential Information as "CONFIDENTIAL."

3.    **Labeling of Confidential Information.** Designations for purposes of this Order shall be made in the following manner:

    a.  With regard to written material (including documents and transcripts of depositions or other testimony) and electronic images (such as TIFFs or PDFs), each page should be marked consistent with the designation described in Paragraphs 1–2 that is appropriate for that document; and

    b.  With regard to non-written material, such as electronically stored information, recordings, magnetic media, photographs, and things, the designation consistent with Paragraphs 1–2 should be affixed to the material or its enclosing media or container in any reasonable manner.

c. In the event a producing party elects to permit inspection of original documents or other material, no markings need to be made by the producing party in advance of the inspection. During the inspection, all such documents or other material shall be considered as marked "CONFIDENTIAL." After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate copies, and the appropriate designations shall be placed on the specified documents or material prior to providing the copies to the inspecting party.

d. Deposition testimony may be designated, in whole or in part, as Confidential Information by oral designation on the record, in which case the person making the designation shall instruct the Court Reporter to bind the Confidential portions of the deposition transcript separately and to stamp the words "CONFIDENTIAL" on each transcript page so designated. Any party desiring to maintain confidentiality of other portions of the transcript must designate those portions of the transcript as Confidential within the time designated for review and signing of the transcript.

4. **Persons qualified to receive "CONFIDENTIAL" material.** Until and unless either the Court rules otherwise or the designating party agrees to withdraw or modify a "CONFIDENTIAL" designation, material designated as "CONFIDENTIAL" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

a. Outside Counsel for the respective parties, including their clerical, litigation support, paralegal employees, associates, and vendors. As used herein, "Outside

3

Counsel" means attorneys for the respective firms who have appearances entered in this action for their clients.

b.  Any party to this action, such party's partners, members, officers, directors, in-house counsel (including their clerical, litigation support, paralegal personnel, and vendors), and other employees whose assistance to the party's Outside Counsel is, in good faith, required for the prosecution or defense of this action; provided, however, that before access is given, each such officer, director, or employee has signed and delivered to Outside Counsel a statement in the form annexed hereto as Exhibit A.

c.  Persons not employees of any party who are expressly retained to assist such party's counsel ("Outside Counsel") in the preparation of this action for trial, including but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons (collectively, "Outside Experts"), after such Outside Expert has signed and delivered to Outside Counsel a statement in the form annexed hereto as Exhibit A.

d.  The Court and authorized staff.

e.  Court reporters, videographers, video-deposition synchronization services, interpreters, translators, copy services, exhibit preparation services, and database and/or coding services retained on behalf of any party.

f.  Any author or original recipient of the Confidential Information.

g.  Any other person that the designating party has agreed to in advance in writing.

5.  **Depositions.**

4

a.  Material designated "CONFIDENTIAL" may be disclosed to a witness at a deposition only if: (i) the witness is testifying as the designating party's Rule 30(b)(6) corporate representative; (ii) the witness is currently an officer or employee of the designating party; (iii) the witness was an author or original recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the Confidential Information; (iv) the witness is a testifying expert disclosed by the designating party; or (v) disclosure to the witness is reasonably necessary, subject to the designating party's consent, which shall not be unreasonably withheld.

b.  If a deposition concerns Confidential Information, the designating party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized under Paragraph 4, above, to have access to such material.

6.      **Notice and Acknowledgment of Order.** Every person authorized under Paragraph 4, above, to whom Confidential Information is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order, and shall sign a statement in the form annexed hereto as Exhibit A.

7.      **Inadvertent Failure to Designate Confidential Information.** In addition to Federal Rule of Evidence 502, the inadvertent failure of a party to designate document, testimony, or other discovery material as "CONFIDENTIAL" shall not constitute, or have the effect of, a waiver of any later claim that such material or any similar material should be treated as "CONFIDENTIAL." Good faith disclosure of such material by a receiving party before such later

designation, however, shall not be deemed a violation of the provisions of this Order. Upon receiving written notice of a failure to designate, a receiving party shall reasonably cooperate to restore the confidentiality of the inadvertently or unintentionally disclosed material. The designating party shall provide substitute copies bearing the corrected designation. The receiving party shall make reasonable efforts to retrieve and replace the inadvertently or unintentionally disclosed material with the provided substitute copies and shall return or certify the destruction of the undesignated material in the receiving party's possession.

8.      **Challenged Designations.** If a party concludes that any document, testimony, or other discovery material designated as "CONFIDENTIAL" by another party does not qualify for that level of designation, the non-designating party shall notify the designating party in writing (e.g., by letter, email or facsimile). Such request shall specifically identify each document and the reason(s) the receiving party contends it has been inappropriately designated. The designating party must, within five (5) calendar days, respond to the objecting party by either agreeing to change the confidentiality designation or setting forth its reasons for maintaining the designation. If the designating party declines to change the designation, then either party may immediately seek relief from the Court. The designating party shall bear the burden of justifying the designation of the disputed material. If relief from the Court is sought, the protection afforded by this Protective Order shall continue until a decision on the motion is made by the Court. If neither party seeks relief, however, then the prior designation shall continue as to the disputed material. The failure of a party to object in a timely manner shall not constitute a waiver.

9.      **Unauthorized Disclosure.** In the event of disclosure of any Confidential Information to a person not authorized to have access to such material, the party responsible for having made, and any party with knowledge of such disclosure shall promptly inform Outside

Counsel for the designating party whose Confidential Information has thus been disclosed of all information disclosed, to whom it was disclosed, and when it was disclosed. The responsible party shall also promptly take all reasonable measures to ensure that no further unauthorized disclosure or use of such information or materials is made. Each party shall cooperate in good faith in that effort.

10.    **Other Proceedings.** If Confidential Information in the possession, custody, or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have the right to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed shall: (a) within five (5) court days after receipt thereof, give written notice by hand delivery, facsimile, or email of such process or discovery request together with a copy thereof, to counsel for the designating party so that the designating party may have an opportunity to appear and be heard on whether the requested information should be disclosed; (b) cooperate with respect to all reasonable procedures sought to be pursued by the designating party with respect to such process or discovery request; and (c) only make production or disclosure of such Confidential Information if the designating party consents in writing to production or if the designating party fails to move for a protective order or similar relief within the time allowed by the court, administrative body, or tribunal with jurisdiction over the process or request. If the party whose Confidential Information is being sought moves for a protective order or moves to modify or quash a subpoena, order, or demand, then the person or party receiving the subpoena, order, or demand shall not produce the Confidential Information until after such motion is decided.

7

11.    **Third Parties.** Any third party from whom discovery is sought in this action may, in accordance with this Order, designate some or all of its production as "CONFIDENTIAL" by agreeing in writing to produce information pursuant to this Protective Order and to be bound by it. Each receiving party will have the same rights, obligations, and restrictions with respect to the third party's designations of Confidential Information as that receiving party has with respect to the Confidential Information of any other Producing Party. No further order of this Court shall be necessary to extend the protections of this Protective Order to third parties.

12.    **Filing Confidential Information.** No Confidential Information or excerpts thereof shall be filed in the public record of this action by a receiving party, unless any of the following occur: (1) the designating party has withdrawn the designation in writing; or (2) the Court has ruled that the document or information is not entitled to the challenged designation. Otherwise, any document or thing containing or embodying Confidential Information or material that is to be filed in this proceeding shall be filed under seal in accordance with Local Civil Rules. The parties agree to act in good faith and cooperate with one another to expedite compliance with the Local Civil Rules for filing Confidential Information and excerpts thereof.

13.    **Non-Waiver.** Agreement to this Order is without prejudice to the right of any party to seek an Order from this Court imposing further restrictions on the dissemination or handling of Confidential Information, or to seek to rescind, modify, alter, or amend this Order with respect to particular Confidential Information. Nothing in this Order shall abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Information. Nothing in this Order shall be construed as a waiver of any objections that a party may have with regard to any designation, except as expressly provided herein. A receiving party's acceptance of designated

material shall not constitute an admission or concession or permit an inference that the material has been properly designated.

14.     **Trial.** The parties shall confer in good faith about appropriate procedures to protect Confidential Information at trial. If the parties cannot agree, the parties will seek approval from the Court before using Confidential Information at trial. The parties will also confer in good faith about removing litigation confidentiality stamps from trial exhibits admitted in evidence so that the jury sees only the original document, without any litigation confidentiality stamp.

15.     **Restrictions Not Imposed.** The restrictions set forth in this Order shall not apply to:

    a.  A party's disclosure or use of its own Confidential Information for any purpose.

    b.  Information or material that: (1) is already public knowledge or has become public knowledge in a manner other than by violation of this Order or other unlawful conduct; (2) was, is, or becomes in the receiving party's possession independently of its production by the designating party in a manner other than by violation of this Order or other unlawful conduct; (3) is acquired by the receiving party from a third party having the right to disclose such information or material; or (4) was lawfully possessed by a non-designating party prior to the entry by the Court of this Order.

16.     **Jurisdiction.** The recipient of any Confidential Information hereby agrees to subject him/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

17.     **Conclusion of Action.**

a. This Order shall remain in full force and effect after the conclusion of this litigation, until canceled or otherwise modified by order of this Court.

b. Within sixty (60) days after the conclusion of this action, including any appeals or petitions for review, all Confidential Information and any copies thereof shall be: (1) returned to counsel for the designating party at the designating party's expense; or (2) at the option of the receiving party, destroyed, in which case counsel for the receiving party shall certify such destruction in writing to the designating party. Outside Counsel may retain copies of all filed pleadings, papers, and deposition transcripts and exhibits for archival purposes.

18. **Information Used Exclusively for this Action.**  Unless agreed upon in writing by all parties, the information shared pursuant to this Order shall be used only in the prosecution or defense of this action and not for any business, competitive, governmental, research, development, investigation, or any other purpose whatsoever.

19. **Clawback Agreement.**  Pursuant to Rule 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material or attorney work-product, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

20.    **Parties' Agreement to Be Bound.** The parties agree to be bound by the terms and conditions of this Order as of the date in which this Order is filed with the Court. This Order shall remain binding on the parties while pending the Court's approval and endorsement. This Order shall also continue to be binding after the conclusion of this litigation, and the Court shall retain limited jurisdiction over the parties hereto for purposes of enforcing any obligations imposed by this Order.

21.    **Remedies.**  This Order may be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including but not limited to the power to hold parties or other violators of this Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.  After the termination of any of the Actions by entry of a final judgment or order of dismissal, the provision of this Order shall continue to be binding. This Order is, and shall be deemed to be, an enforceable agreement between the Parties, their agents, and their attorneys. The Parties agree that the terms of this Order shall be interpreted and enforced by this Court.

Any party may petition the Court, for good cause shown, in the event such party desires relief from a term or condition of this Order.

**IT IS SO ORDERED.**

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 36.

Dated:  April 2, 2026
         New York, New York

_____
The Honorable Analisa Torres
United States District Court

11

WE ASK FOR THIS:

| | |
|---|---|
| John F. Ryan Counselor at Law | Venable LLP |
| *By:/s/John F. Ryan* | *By: /s/ Mark E. Schamel* |
| John F. Ryan | Mark E. Schamel |
| Counsel for Plaintiff | Counsel for Defendants |
| 320 8th Avenue, Suite 2R | 600 Massachusetts Ave. NW |
| Brooklyn, NY 11215 | Washington, DC 20009 |
| Phone: (718) 378-7620 | Phone: 202.344.4631 |
| Johnfryan661@gmail.com | MESchamel@Venable.com |

**EXHIBIT A**

**DECLARATION**

I, _____, declare that:

1.       I have read the Protective Order agreed to by the parties and ordered by the United States District Court for the Southern District of New York in the action *Tokio Marine Insurance Company (Cargo) a/s/o Yusen Logistics (Americas), Inc. v. Vanguard Logistics Services (USA), Inc., and Vanguard Logistics Services (Hong Kong) Limited*, Civil Action No. 25-cv-01629 (AT).

2.       I understand the Protective Order and agree to be bound by its terms.

3.       I will hold in confidence all Confidential Information provided to me.

4.       I understand that the Confidential Information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such information.

5.       I will return all Confidential Information in my possession, copies thereof, and notes that I have prepared relating thereto, to counsel for the party by whom or on whose behalf I am retained upon the request of such counsel.

6.       I understand that a violation of the terms of the Protective Order may be punishable by appropriate sanctions and may be treated as if contempt by an order of the Court.

7.       I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____                    _____